METALSALTS CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF-MOVANT, v. ROBERT O. WEISS, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT, v. JOHN ELLIOTT (AND 6 OTHERS), THIRD-PARTY DEFENDANTS-MOVANTS.

Superior Court of New Jersey
Appellate Division

Argued January 8, 1962—Decided January 8, 1962.

Before Judges GOLDMANN, FREUND and FOLEY.

*Mr. Leo Rosenblum* argued for the motion.

*Mr. George Warren* argued against the motion.

GOLDMANN, S. J. A. D. The parties agreed at oral argument that if the court grants leave to appeal, it may proceed to determine the appeal on the basis of the appendices and the essential arguments set out in the briefs on file. The court hereby grants leave to appeal.

In our view, the trial court did not have the right to decide, on the basis of the conflicting affidavits before it, that an attorney-client relationship did not exist between defendant Doherty and the corporation, and therefore he must "answer all questions to be propounded in continued depositions dealing with the alleged slander and libel which are the subject matter of the claims by defendant third-party."

The central factual issue here is whether such a relationship existed at the time Mr. Doherty rendered his report to plaintiff's board of directors. That issue could not be determined on conflicting affidavits, and certainly not on the basis of any arguments, oral or written, made by counsel.

An unusual aspect of this case is that a Superior Court judge had earlier decided, on the basis of affidavits then before him, that an attorney-client relationship did

exist and, accordingly, the questions which might be asked of Mr. Doherty on depositions would have to be radically limited. Despite the second trial judge's knowledge of that determination and his temporary unwillingness to deal with the question again, he nonetheless proceeded to determine a matter not directly before him. Although we fully appreciate that the first judge had been sitting in summer session only and had not yet signed an order, we strongly disapprove of what happened in this case. Where a first judge has already indicated his disposition of a matter, the same matter should not be raised before a second judge except in extraordinary circumstances, not here present.

The order under review will be reversed insofar as it holds that an attorney-client relationship did not exist. The matter will be remanded to Judge Collester, who has succeeded the former Chancery Division judge in the vicinage, for a full hearing on the question of whether an attorney-client relationship did, indeed, exist at the time Mr. Doherty made his report to the board of directors. He should also consider all such other matters as will affect the scope of the deposition of Mr. Doherty, should it eventuate that his deposition may properly be taken.